Louis H. RAVIN, Appellant,

v.

Harold E. HANSON and Mary B. Hanson, To the Use of Buffalo Insurance Company, a corporation, and Allstate Insurance Company, and Pearl M. Clift, Administratrix, Estate of Earl D. Clift, t/a Clift's Brake Service, Appellees.

No. 2144.

Municipal Court of Appeals for the District of Columbia.

Argued March 18, 1958.

Decided June 12, 1958.

A. J. Spero, Washington, D. C., for appellant.

William T. Clague, Washington, D. C., for appellee Clift.

N. Meyer Baker, Washington, D. C., for appellees Hanson, Buffalo Ins. Co., and Allstate Ins. Co.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant Ravin took his automobile, a 1950 model, to Clift's Brake Service for inspection when he discovered that the brakes were low. He explained that several weeks before he had had fluid added to the braking system. The right front wheel of the car was removed and an examination made of the under part, including the master cylinder; no leakage was found, the brakes were adjusted, and additional fluid added. The shop foreman testified that after the work was completed he examined the car, stating: "I hit the pedal and he had about two-thirds of a pedal and it was solid." Following the inspection, appellant drove the car back to the office.

After work he started home with a colleague. He testified that as he neared

Westmoreland Circle, a number of miles from his office, he thought he noticed the foot brake was "not as high as it was before"; that as he started down Massachusetts Avenue his automobile began to pick up speed; that he attempted to apply his foot brake and found that he had absolutely no pressure or braking power. Realizing that there were cars in front of and behind him, he looked for a place where he could stop without hitting anyone. Appellant testified:

"It was clear on the left, no oncoming traffic. I looked for a place where I could stop without hitting anyone. I saw this lawn that had a rise in it just a little further on, so I decided to turn towards it, hoping that as I went up the slope it would slow me up so that I would come to rest on the lawn and no harm done. I didn't come to rest on the lawn, I continued, avoided a tree, and was finally stopped by the stone stairs of the house."

When asked on cross-examination why he did not use or apply his emergency hand brake, he replied:

"Well, I have asked myself that question several times. I had heard that it's dangerous to do that when you are going fast. On top of that— and I think this was the basic reason— I didn't want to take my hands off the wheel or my eye off the road. I was more concerned about not hitting anything or anybody than I was about stopping. If I stopped suddenly, even if I succeeded—and I understand I might have turned over—the car behind me might have gone into me. I thought the best thing was to get the car off the road and get it to a place where I wouldn't hit anybody."

In answer to the question why he did not shift into low gear to brake the speed, appellant stated:

"I don't know why I didn't do that. In fact, I told my wife that if anything like this happens, you should do that. But this happened very fast."

Appellant brought suit for his damages against Clift's estate and demanded a jury trial. The insurance companies, as use plaintiffs for the owner of the house damaged, sued appellant, and on appellant's motion, Mrs. Clift, the administratrix of Clift's estate, was made a third-party defendant. No request was made in the second case for a jury trial. The cases were consolidated and tried together and it was stipulated that the trial judge would pass on the nonjury case. The jury returned a verdict in favor of appellant for $1,000 in his suit against Clift's estate, from which no appeal has been taken. In the nonjury case, the trial judge filed a memorandum stating:

"In Louis Ravin et al. v. Pearl M. Clift, Administratrix, etc., the jury rendered a verdict for the plaintiffs for $1,000.00 and in so doing necessarily found the defendant negligent and no contributory negligence on the part of plaintiff Louis H. Ravin.

" * * * the Court finds that defendant Louis H. Ravin was negligent and his negligence was the proximate cause of the damage to real property of the plaintiffs' policyholders. His acts of negligence constituted an 'intervening agency of such a nature that it could not reasonably have been anticipated' by third-party defendant Clift and thus became the proximate cause of the damage to the real property even though it might be, as the jury found, that third-party defendant Clift was negligent. * * * "

Judgment was entered for the use plaintiffs against appellant, and for Mrs. Clift on the third-party complaint, from which this appeal is taken.

Appellant's main contentions are that (1) the finding that he was negligent is with-

out support in the evidence, and (2) even assuming negligence on his part, there was no foundation for holding that such negligence was the sole, proximate cause of the property owner's damage. While there is no indication in the record as to what the trial judge based his finding of negligence on, it is urged that the holding may be sustained on either or both of two grounds: (1) that appellant had notice of the defect in his brakes but did nothing about it, or (2) that appellant failed to act reasonably in an emergency situation.

■■ It is our conclusion that although the evidence here did not compel the finding of negligence, it will support it. An automobile driver who has no notice of faulty brakes, and could not discover the defect through the exercise of reasonable care, is not responsible for any damage caused by brake failure. If a driver knows or should know of such a defect, however, and takes no precautionary measures, he is liable for the consequences.[1] From appellant's testimony that just before he started down the incline he thought the foot brake was not as high as before, and the car's recent history of brake trouble, the trial judge could have inferred that appellant knew, or should have known, that the brakes were not functioning properly, and further that his continuing to drive under such condition constituted negligence which was the sole, proximate cause of the damage to the property owner. Our decision on this point renders it unnecessary for us to consider the alternative ground advanced to sustain the finding of negligence.

The remaining assignment of error is without merit.

Affirmed.

1. See in general the annotations, 170 A.L.R. 611, 619–20.